UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| THE KIRK CORPORATION, | ) | Adversary Proceeding No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A., for Itself and in its capacity as Agent for Franklin Bank, S.S.B., Bank of America, N.A., and Parkway Bank and Trust Company, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO (I) AVOID, RECOVER AND PRESERVE LIENS PERTAINING TO FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, 550 AND 551 AND (II) AVOID, RECOVER AND PRESERVE LIENS PERTAINING TO PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547, 550 AND 551**

Plaintiff, The Kirk Corporation and eleven of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for its Complaint to (I) Avoid, Recover and Preserve Liens Pertaining to Fraudulent Conveyances Pursuant to 11 U.S.C. §§ 544, 548, 550 and 551 (II) Avoid, Recover and Preserve Liens

---

[1] The Debtors are the following companies: The Kirk Corporation; Apple Creek Estates, LLC; Beacon Pointe West, LLC; Bloomfield Estates, LLC; Laurel Meadow, L.L.C.; The Lindens Venture, L.L.C.; Rockwell Place, LLC; Stonegate Village, LLC; Wing Pointe North, L.L.C; and Westland, LLC; Bloomfield West, L.L.C. (filed June 8, 2009); and Freeman Road Development, LLC (filed June 8, 2009). Two affiliates of Kirk are currently non-debtors: Rockwell Utilities, LLC; and Suncrest, L.L.C.

{05919: 210: 00449068.DOC :3 }

Pertaining to Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 550 and 551 against JPMorgan Chase Bank, N.A ("Agent" or "Defendant"), in its own right and as Agent for the Debtors' other prepetition lenders, Franklin Bank, S.S.B., Bank of America, N.A., and Parkway Bank and Trust Company, (together with the Agent, the "Lenders"), alleges as follows:

## PROCEDURAL BACKGROUND AND PARTIES

1. On May 12, 2009 (the "Initial Petition Date"), nine of the Debtors filed their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), commencing the above-captioned Chapter 11 cases. On June 8, 2009 (the "Subsequent Petition Date"; the Initial Petition Date and Subsequent Petition Date are referred to herein as the "Petition Date"), two additional affiliates of the Debtors, Bloomfield West, L.L.C. and Freeman Road Development, LLC ("Freeman Road"), filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(c) and 1108 of the Bankruptcy Code.

2. One of the Debtors, The Kirk Corporation, is the sole member of each of the other Debtors, each of which is an Illinois limited liability company.

3. At all times material hereto the Defendant were creditors of the Plaintiff.

## JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), (H) and (O).

5. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal

Rules of Bankruptcy Procedure and pursuant to sections 544, 547, 548, 550 and 551 of the Bankruptcy Code.

## ALLEGATIONS COMMON TO ALL COUNTS

6.  From time to time prior to the Petition Date, certain of the Debtors borrowed money and received other financial accommodations from the Defendant under that certain Amended and Restated Borrowing Base Revolving Line of Credit Agreement dated as of August 25, 2006 (as amended, the "Credit Agreement"), and incurred additional obligations in connection therewith, including without limitation, obligations for payment or reimbursement of certain of the Defendant' fees, costs and expenses.

7.  By late 2007 and early 2008, the decline in the nation's housing market had begun to affect Kirk's ability to meet its financial obligations to the Defendant.

8.  As a result of the Debtors' declining financial standing with the Defendant, the Debtors and Defendant entered into the Second Amendment to Amended and Restated Borrowing Base Revolving Lien of Credit Agreement between the Lenders as of March 31, 2008 (the "Second Amendment"), a true an accurate copy of which is attached hereto as **Exhibit A**.

9.  Pursuant to the Second Amendment, the Defendant received two (2) mortgages on three (3) previously unencumbered parcels of real estate owned by certain of the Debtors, namely, Freeman Road Development, LLC ("Freeman Road"), Westland, LLC ("Westland"), and Apple Creek Estates, LLC ("Apple Creek"), respectively (the "2008 Mortgages"). True and accurate copies of the 2008 Mortgages are attached hereto as **Exhibit B**.

11. Freeman Road and Westland were not, and are not, borrowers or guarantors under the Credit Agreement or any loan documents with the Defendant.

12. The grant of the 2008 Mortgages by the Debtors was a requirement imposed by

{05919: 210: 00449068.DOC :3 }

3

the Lenders upon the Debtors as precondition for entering into the Second Amendment.

13. The Defendant required the Debtors to enter into the Second Amendment and to grant the 2008 Mortgages as a precondition to renewal of the Credit Agreement.

14. The Lenders obtained contemporaneous appraisals of the real property encumbered by the 2008 Mortgages showing that the Lenders received more than $14 million dollars in value by extracting the 2008 Mortgages from the Debtors.

15. In exchange for the grant of the 2008 Mortgages, the Debtors received approximately only $300,000 in additional cash availability and an accounting credit of up to $2 million dollars on a retroactive basis for purposes of reformulating certain loan covenants, plus other modest consideration as set forth in the Second Amendment.

16. In September 2008, only six (6) months after the Defendant obtained the 2008 Mortgages from the Debtors, the Debtors were again in default under the Credit Agreement and the Second Amendment, in that the Debtors had breached their Minimum Interest Coverage Ratio covenant, a covenant that the grant of the 2008 Mortgages to the Defendant ostensibly had been intended to satisfy.

17. Any consideration received by the Debtors under the Second Amendment is less than reasonably equivalent to the value received by the Defendant under the 2008 Mortgages.

18. In addition, on March 9, 2009, the Defendant extracted from the Debtors a mortgage on The Kirk Corporation's office building, parking lot and adjacent grounds in Streamwood, Illinois (the "2009 Mortgage"), a true and accurate copy of which is attached as **Exhibit C**. The Debtors received no cash consideration from the Defendant in exchange for the grant of the 2009 Mortgage and any consideration the Debtors did receive for their grant of the 2009 Mortgage was nominal.

## COUNT I

### AVOIDANCE, RECOVERY AND PRESERVATION OF LIENS PERTAINING TO FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548, 550(A) AND 551 OF THHE BANKRUPTCY CODE
(2008 Mortgages)

19. Plaintiff restates and realleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 18 of this Complaint.

20. The Debtors transferred, and/or caused to be transferred, an interest in property of the Debtors to the Defendant by virtue of the 2008 Mortgages. The appraised value of the property subject to the 2008 Mortgages was more than $14 million at the time they were granted.

21. The 2008 Mortgages constitute transfers of an interest of property of the Debtors.

22. The 2008 Mortgages were made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtors.

23. The Debtors received less than reasonably equivalent value for the 2008 Mortgages within the meaning of section 548(a)(1)(B)(i) of the Bankruptcy Code.

24. Upon information and belief, at the time the 2008 Mortgages were granted, one or more of the Debtors' financial impairments currently or prospectively satisfied one or more of the disjunctive elements of section 548(a)(1)(B)(ii) of the Bankruptcy Code.

25. Pursuant to section 548(a)(1)(B) of the Bankruptcy Code, the Debtors may avoid the 2008 Mortgages.

26. Pursuant to section 550 of the Bankruptcy Code, the Debtors may recover the 2008 Mortgages for the benefit of the Debtors' estates and creditors, or the value of the 2008 Mortgages, from the Defendant.

27. Pursuant to section 551 of the Bankruptcy Code, the Debtors may preserve the avoided liens of the 2008 Mortgages for the benefit of the Debtors' estates.

{05919: 210: 00449068.DOC :3 }

WHEREFORE, the Debtors request entry of judgment against the Defendant as follows:

A.     Declaring the 2008 Mortgages to be fraudulent transfers under section 548 of the Bankruptcy Code and setting aside the 2008 Mortgages pursuant to section 548(a)(1)(B) of the Bankruptcy Code;

B.     Awarding the Debtors judgment against the Defendant in the amount of the 2008 Mortgages and directing the Defendant to immediately (i) release the 2008 Mortgages pursuant to section 550 of the Bankruptcy Code or (ii) pay to the Debtors an amount equal to the value of the 2008 Mortgages, pursuant to section 550 of the Bankruptcy Code, together with statutory interest thereon from the date of the 2008 Mortgages;

C.     Preserving the liens of the 2008 Mortgages for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

D.     If the Defendant files a proof of claim pursuant section 501 of the Bankruptcy Code, then disallowing such claim until such time as the Defendant (i) releases the 2008 Mortgages pursuant to section 550 of the Bankruptcy Code or (ii) pays to the Debtors an amount equal to the value of the 2008 Mortgages, pursuant to section 550 of the Bankruptcy Code, together with interest thereon from the date of the 2008 Mortgages;

E.     Awarding the Debtors their attorneys' fees, costs and other expenses incurred in this action; and

F.     Granting the Debtors such other and further relief as the Court deems just and proper.

## COUNT II

### AVOIDANCE, RECOVERY AND PRESERVATION OF LIENS PERTAINING TO OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 544, 550(a), AND 551 OF THE BANKRUPTCY CODE AND 740 ILCS 160 ET SEQ.
(2008 Mortgages)

28.     Plaintiff restates and realleges, as if fully set forth herein, the allegations set forth in

Paragraphs 1 through 18 of this Complaint.

29. The Debtors transferred, and/or caused to be transferred, an interest in property of the debtors to the Defendant by virtue of the 2008 Mortgages. The appraised value of the property subject to the 2008 Mortgages was more than $14 million at the time they were granted.

30. The 2008 Mortgages constitute transfers of an interest of property of the Debtors.

31. The 2008 Mortgages were made, or caused to be made, to or for the benefit of the Defendant, creditors of the Debtors.

32. The Debtors received less than fair consideration and/or reasonably equivalent value for the 2008 Mortgages within the meaning of 740 ILCS 160/5(a)(2) and 740 ILCS 160/6(a).

33. Upon information and belief, at the time the 2008 Mortgages were granted, one or more of the Debtors' financial impairments currently or prospectively satisfied one or more of the disjunctive elements of 740 ILCS 160/5(a)(2) and/or 740 ILCS 160/3.

34. Pursuant to section 544 of the Bankruptcy Code, 740 ILCS 160/5(a)(2) and 740 ILCS 160/6(a), the Debtors may avoid the 2008 Mortgages.

35. Pursuant to section 550 of the Bankruptcy Code and 740 ILCS 160/8, the Debtors may recover the 2008 Mortgages for the benefit of the Debtors' estates and creditors, or the value of the 2008 Mortgages, from the Defendant.

36. Pursuant to section 551 of the Bankruptcy Code, the Debtors may preserve the avoided liens of the 2008 Mortgages for the benefit of the Debtors' estates.

WHEREFORE, the Debtors request entry of judgment against the Defendant as follows:

A. Declaring the 2008 Mortgages to be fraudulent transfers and setting aside the 2008 Mortgages pursuant to section 544 of the Bankruptcy Code and 740 ILCS 160/3;

B. Preserving the liens of the 2008 Mortgages for the benefit of the Debtors' estates

    pursuant to section 551 of the Bankruptcy Code.

C. Awarding the Debtors judgment against the Defendant in the amount of the 2008 Mortgages and directing the Defendant to immediately (i) releases the 2008 Mortgages pursuant to section 550 of the Bankruptcy Code or (ii) pays to the Debtors an amount equal to the value of the 2008 Mortgages, pursuant to section 550 of the Bankruptcy Code, together with stautory interest thereon from the date of the 2008 Mortgages;

D. Preserving the lien of the 2008 Mortgages for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

E. If the Defendant files a proof of claim pursuant section 501 of the Bankruptcy Code, then disallowing such claim until such time as the Defendant (i) release the 2008 Mortgages pursuant to section 550 of the Bankruptcy Code or (ii) pay to the Debtors an amount equal to the value of the 2008 Mortgages, pursuant to section 550 of the Bankruptcy Code, together with interest thereon from the date of the 2008 Mortgages;

F. Awarding the Debtors their attorneys' fees, costs and other expenses incurred in this action; and

G. Granting the Debtors such other and further relief as the Court deems just and proper.

## COUNT III

### AVOIDANCE, RECOVERY AND PRESERVATION OF LIENS PERTAINING TO FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548, 550(A) AND 551 OF THHE BANKRUPTCY CODE
(2009 Mortgage)

37. Plaintiff restates and realleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 18 of this Complaint.

38. The Debtors transferred, and/or caused to be transferred, an interest in property of the Debtors to the Defendant by virtue of the 2009 Mortgage.

{05919: 210: 00449068.DOC :3 }

39. The 2009 Mortgage constitutes a transfer of an interest of property of the Debtors.

40. The 2009 Mortgage was made, or caused to be made, to or for the benefit of the Defendant, creditors of the Debtors.

41. The Debtors received less than reasonably equivalent value for the 2009 Mortgage within the meaning of section 548(a)(1)(B)(i) of the Bankruptcy Code.

42. Upon information and belief, at the time the 2009 Mortgage was granted, one or more of the Debtors' financial impairments currently or prospectively satisfied one or more of the disjunctive elements of section 548(a)(1)(B)(ii) of the Bankruptcy Code.

43. Pursuant to section 548(a)(1)(B) of the Bankruptcy Code, the Debtors may avoid the 2009 Mortgage.

44. Pursuant to section 550 of the Bankruptcy Code, the Debtors may recover the 2009 Mortgage for the benefit of the Debtors' estates and creditors, or the value of the 2009 Mortgage, from the Defendant.

45. Pursuant to section 551 of the Bankruptcy Code, the Debtors may preserve the avoided lien of the 2009 Mortgage for the benefit of the Debtors' estates.

WHEREFORE, the Debtors request entry of judgment against the Defendant as follows:

A. Declaring the 2009 Mortgage to be a fraudulent transfer under section 548 of the Bankruptcy Code and setting aside the 2009 Mortgage pursuant to section 548(a)(1)(B) of the Bankruptcy Code;

B. Awarding the Debtors judgment against the Defendant in the amount of the 2009 Mortgage and directing the Defendant to immediately (i) release the 2009 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pay to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code,

together with statutory interest thereon from the date of the 2009 Mortgage;

C. Preserving the lien of the 2009 Mortgage for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

D. If the Defendant files a proof of claim pursuant section 501 of the Bankruptcy Code, then disallowing such claim until such time as the Defendant (i) releases the 2008 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pays to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code, together with interest thereon from the date of the 2009 Mortgage;

E. Awarding the Debtors their attorneys' fees, costs and other expenses incurred in this action; and

F. Granting the Debtors such other and further relief as the Court deems just and proper.

## COUNT IV

### AVOIDANCE, RECOVERY AND PRESERVATION OF LIENS PERTAINING TO OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 544, 550(a), AND 551 OF THE BANKRUPTCY CODE AND 740 ILCS 160 ET SEQ.
(2009 Mortgage)

46. Plaintiff restates and realleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 18 of this Complaint.

47. The Debtors transferred, and/or caused to be transferred, an interest in property of the Debtors to the Defendant by virtue of the 2009 Mortgage.

48. The 2009 Mortgage constitutes a transfer of an interest of property of the Debtors.

49. The 2009 Mortgage was made, or caused to be made, to or for the benefit of the Defendant, creditors of the Debtors.

50. The Debtors received less than fair consideration and/or reasonably equivalent value for the 2009 Mortgage within the meaning of 740 ILCS 160/5(a)(2) and 740 ILCS 160/6(a).

51. Upon information and belief, at the time the 2009 Mortgage was granted, one or more of the Debtors' financial impairments currently or prospectively satisfied one or more of the disjunctive elements of 740 ILCS 160/5(a)(2) and/or 740 ILCS 160/3.

52. Pursuant to section 544 of the Bankruptcy Code, 740 ILCS 160/5(a)(2) and 740 ILCS 160/6(a), the Debtors may avoid the 2009 Mortgage.

53. Pursuant to section 550 of the Bankruptcy Code and 740 ILCS 160/8, the Debtors may recover the 2009 Mortgage for the benefit of the Debtors' estates and creditors, or the value of the 2009 Mortgage, from the Defendant.

54. Pursuant to section 551 of the Bankruptcy Code, the Debtors may preserve the avoided lien of the 2009 Mortgage for the benefit of the Debtors' estates.

WHEREFORE, the Debtors request entry of judgment against the Defendant as follows:

A. Declaring the 2009 Mortgage to be a fraudulent transfer and setting aside the 2009 Mortgages pursuant to section 544 of the Bankruptcy Code and 740 ILCS 160/3;

B. Preserving the lien of the 2009 Mortgage for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

C. Awarding the Debtors judgment against the Defendant in the amount of the 2009 Mortgage and directing the Defendant to immediately (i) release the 2009 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pay to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code, together with interest thereon from the date of the 2009 Mortgage;

D. Preserving the lien of the 2009 Mortgage for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

E. If the Defendant files a proof of claim pursuant section 501 of the Bankruptcy Code, then

    disallowing such claim until such time as the Defendant (i) releases the 2009 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pays to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code, together with statutory interest thereon from the date of the 2009 Mortgage;

F. Awarding the Debtors their attorneys' fees, costs and other expenses incurred in this action; and

G. Granting the Debtors such other and further relief as the Court deems just and proper.

## COUNT III

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO SECTIONS 547, 550 AND 551 OF THHE BANKRUPTCY CODE
(2009 Mortgage)

55. Plaintiff restates and realleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 18 of this Complaint.

56. On or within ninety (90) days of the Petition Date (the "Preference Period"), the Debtors transferred, and/or caused to be transferred, an interest in the Debtors' property to the Defendant by virtue of the 2009 Mortgage.

57. The 2009 Mortgage constitutes a transfer of an interest of property of the Debtors.

58. The 2009 Mortgage was made, or caused to be made, to or for the benefit of the Defendant, creditors of the Debtors.

59. The 2009 Mortgage was made, or caused to be made, for or on account of an antecedent debt owed by the Debtors to the Defendant prior to the date on which such 2009 Mortgage was made.

60. The Debtors were insolvent for purposes of section 547 of the Bankruptcy Code when the 2009 Mortgage was granted.

61. The 2009 Mortgage enabled the Defendant to receive more than they would have receive

if these cases were cases under Chapter 7 of the Bankruptcy Code, the 2009 Mortgage had not be granted, and the Defendant received payment of the debt relating to the 2009 Mortgage to the extent provided by the provisions of the Bankruptcy Code.

62. Pursuant to section 547 of the Bankruptcy Code, the Debtors may avoid the 2009 Mortgage and, pursuant to section 550 of the Bankruptcy Code, the Debtors may recover for the benefit of the Debtors' estates and creditors the 2009 Mortgage, or the value of the 2009 Mortgage, from the Defendant.

WHEREFORE, the Debtors request entry of judgment against the Defendant as follows:

A. Declaring the 2009 Mortgage to be a preferential transfer and setting aside the 2009 Mortgages pursuant to section 547 of the Bankruptcy Code and 740 ILCS 160/3;

B. Preserving the lien of the 2009 Mortgage for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

C. Awarding the Debtors judgment against the Defendant in the amount of the 2009 Mortgage and directing the Defendant to immediately (i) release the 2009 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pay to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code, together with interest thereon from the date of the 2009 Mortgage;

D. Preserving the lien of the 2009 Mortgage for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

E. If the Defendant files a proof of claim pursuant section 501 of the Bankruptcy Code, then disallowing such claim until such time as the Defendant (i) releases the 2009 Mortgage pursuant to section 550 of the Bankruptcy Code or (ii) pays to the Debtors an amount equal to the value of the 2009 Mortgage, pursuant to section 550 of the Bankruptcy Code,

{05919: 210: 00449068.DOC :3 }

    together with statutory interest thereon from the date of the 2009 Mortgage;

F. Awarding the Debtors their attorneys' fees, costs and other expenses incurred in this action; and

G. Granting the Debtors such other and further relief as the Court deems just and proper.

Dated: June 16, 2009           Respectfully submitted,

                   **THE KIRK CORPORATION**
                   **AND ITS AFFILIATED DEBTORS**

                   By: /s/ Forrest B. Lammiman
                      One of Its Attorneys

Forrest B. Lammiman (ARDC No. 6208632)
David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)

*Counsel for the Debtors*

# EXHIBIT A

## SECOND AMENDMENT

{05919: 210: 00449068.DOC :3 }

# EXHIBIT B

## 2008 MORTGAGES

{05919: 210: 00449068.DOC :3 }

**EXHIBIT C**

<u>2009 MORTGAGE</u>

{05919: 210: 00449068.DOC :3 }