# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |

## ORDER EXTENDING FINAL ORDER AUTHORIZING
## USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

This matter coming before the Court on the emergency motion (the "Motion")[1] for approval and entry of an Order Authorizing the Extended Use of Cash Collateral made by The Kirk Corporation and the other jointly administered debtors in these cases, as debtors and debtors-in-possession (collectively, the "Debtors")[2]; hearings having been held to consider the Debtors' use of cash collateral and grant of adequate protection as provided under sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rules 4001(b) and (d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); notice of the Motion having been given to: (a) the Office of the United States Trustee; (b) Agent for the Lenders, and its counsel; (c) the Official Committee of Unsecured Creditors, and its counsel and (d) all parties filing appearances and/or requesting notice in these bankruptcy cases; adequate and appropriate notice of the Motion having been given in accordance with Bankruptcy Rule 4001(b); the Court having considered the evidence

---

[1] Capitalized terms used and not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors are the following companies: The Kirk Corporation; Apple Creek Estates, LLC; Beacon Pointe West, LLC; Bloomfield Estates, LLC; Laurel Meadow, L.L.C.; The Lindens Venture, L.L.C.; Rockwell Place, LLC; Stonegate Village, LLC; Wing Pointe North, L.L.C; and Westland, LLC; Bloomfield West, L.L.C. (filed June 8, 2009); and Freeman Road Development, LLC (filed June 8, 2009). Two affiliates of Kirk are currently non-debtors: Rockwell Utilities, LLC; and Suncrest, L.L.C.

{05919: 210: 00470500.DOC : }

presented at the hearings and the statements of respective counsel for the Debtors, JPMorgan Chase, N.A., as agent (the "Agent") for the lenders (the "Lenders"), and other parties in interest; the Court, being duly advised in the premises, hereby makes the following findings of fact and conclusions of laws :

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED to the extent and as set forth herein below.

2. Pursuant to the terms and conditions of the existing *Order Extending Final Order Authorizing the Use of Cash Collateral and Adequate Protection* [Docket No. 256], the Debtors are hereby authorized to extend their use of Cash Collateral to pay wages, salaries, and other overhead and operating expenses incurred from the Petition Date through and including September 25, 2009 as set forth in the Budget attached hereto as **Exhibit A**.

3. The provisions of this Cash Collateral Order shall be effective immediately upon entry.

Dated: September __, 2009

_____
Carol A. Doyle
United States Bankruptcy Judge

{05919: 210: 00470500.DOC : }

## EXHIBIT A

## BUDGET

{05919: 210: 00470500.DOC : }

THE KIRK CORPORATION
Combined 20 Week Disbursement Budget

8/31/09

| Week Ending | Weeks 1-15 Actual | Week 16 8/28/2009 | Week 17 9/4/2009 | Week 18 9/11/2009 | Week 19 9/18/2009 | Week 20 9/25/2009 | Total |
|---|---|---|---|---|---|---|---|
| Overhead Disbursements [1] | 445,009 | 42,228 | 36,800 | 35,800 | 24,600 | 30,900 | 615,337 |
| Payroll [2] | 373,750 | 52,972 | 0 | 53,300 | 0 | 53,300 | 533,322 |
| Professional Fees [3] | 624,062 | 0 | 0 | 225,000 | 0 | 120,000 | 969,062 |
| Total Disbursements on Behalf of Debtors | 1,442,821 | 95,200 | 36,800 | 314,100 | 24,600 | 204,200 | 2,117,721 [4] |

Notes:
[1] Excludes real estate taxes
[2] Excludes severance payments
[3] Debtor's Professionals & Counsel for the Creditors Committee
[4] In the event of a shortfall, the Debtors shall make available up to an additional $335,000 made up of (i) an additional $150,000 from the Charter account, (ii) $60,000 in interest funds and (iii) approximately $125,000 from the retainers held by Debtors' counsel.