UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: November 10, 2009 at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **November 10, 2009 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in the courtroom usually occupied by him, Courtroom No. 742, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the **Final Application of American Infrastructure Technologies, LLC as Utility Consultant to the Debtors for Allowance of Compensation and Reimbursement of Expenses from June 15, 2009 through September 30, 2009**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: October 20, 2009

THE KIRK CORPORATION AND ITS
AFFILIATED DEBTORS

By: /s/ David L. Kane
    One of Its Attorneys

David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900

## CERTIFICATE OF SERVICE

I, David L. Kane, an attorney, certify that on October 20, 2009, I caused copies of the attached **Notice of Motion** and **Final Application of American Infrastructure Technologies, LLC as Utility Consultant to the Debtors for Allowance of Compensation and Reimbursement of Expenses from June 15, 2009 through September 30, 2009** to be served upon (a) the Office of the United States Trustee; (b) counsel to JPMorgan Chase, N.A.; (c) counsel to the Official Committee of Unsecured Creditors; and (d) each party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002 appearing in the Court's CM/ECF system.

/s/ David L. Kane

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |

FINAL APPLICATION OF AMERICAN INFRASTRUCTURE
TECHNOLOGIES, LLC AS UTILITY CONSULTANT TO THE DEBTORS
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FROM JUNE 15, 2009 THROUGH SEPTEMBER 30, 2009

Pursuant to section 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals signed on June 23, 2009 (the "Fee Procedures Order"), American Infrastructure Technologies, LLC ("AIT"), as sewer and water utility consultant to The Kirk Corporation and its affiliated debtors (collectively, the "Debtors")[1], appointed in the above-captioned case, hereby submits this final application (the "Final Application") for the allowance of $10,915.00 in compensation for professional services rendered for the period from June 15, 2009 to September 30, 2009, and the reimbursement of $217.60 for actual costs incurred incident to those services. In support of the Final Application, AIT respectfully represents as follows:

---

[1] The Debtors are the following companies: The Kirk Corporation; Apple Creek Estates, LLC; Beacon Pointe West, LLC; Bloomfield Estates, LLC; Laurel Meadow, L.L.C.; The Lindens Venture, L.L.C.; Rockwell Place, LLC; Stonegate Village, LLC; Wing Pointe North, L.L.C; and Westland, LLC; Bloomfield West, L.L.C. (filed June 8, 2009); and Freeman Road Development, LLC (filed June 8, 2009). Two affiliates of Kirk are currently non-debtors: Rockwell Utilities, LLC; and Suncrest, L.L.C.

{05919:210:00484335.DOC : }

## BACKGROUND

1. On May 12, 2009 (the "Petition Date"), ten of the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois, commencing the above-captioned Chapter 11 cases. On June 8, 2009, two additional affiliates of the Debtors, Bloomfield West, L.L.C. and Freeman Road Development, LLC, filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. An Official Committee of Unsecured Creditors was appointed in these cases on May 28, 2009.

3. On October 6, 2009, the Court entered an order converting each of the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On June 23, 2009, the Court entered the *Order Granting Application to Employ and Retain American Infrastructure Technologies, LLC as Utility Consultants to the Debtors Pursuant to 11 U.S.C 327(a) and 329* [Docket No. 158], approving employment of AIT as sewer and water utility consultants to the Debtors *nunc pro tunc* to June 15, 2009.

6. On June 23, 2009, the Court entered the *Order Granting Motion for Entry of an Order Establishing Professional Fee Application Procedures* [Docket No. 159] (the "Fee Application Procedures Order"), authorizing the payment of ninety percent (90%) of monthly

fees and one hundred percent (100%) of expenses incurred, following circulation of a monthly fee statement to certain notice parties set forth therein (each, a "Monthly Fee Statement").

## MONTHLY FEE STATEMENTS

7. Pursuant to the Fee Procedures Order establishing procedures for monthly provisional payments of fees and expenses, AIT has previously requested ninety percent (90%) of its fees and one hundred percent (100%) of its expenses for services and expenses for the period from June 1, 2009 through June 30, 2009, summarized as follows:

| Monthly Fee Statement | Total Fees | Total Expenses | 90% of Fees Requested | Total Requested (90% of Fees and 100% of Expenses) | Amount Paid to Date | Amount of 10% Holdback |
|---|---|---|---|---|---|---|
| June '09 | $10,915.00 | $217.60 | $9,823.50 | $10,041.10 | $10,041.10 | $1,091.50 |
| Total: | **$10,915.00** | **$217.60** | **$9,823.50** | **$10,041.10** | **$10,041.10** | **$1,091.50** |

## SUMMARY OF SERVICES

8. In connection with the professional services described below, by this Final Application, AIT seeks allowance of compensation and expenses in the total amount of $11,132.60.

9. AIT maintains written records for the time expended by professionals in the rendition of their services to the Debtor. A detailed description of services rendered and a copy of the June invoice for services through June 30, 2009 is attached hereto as **Exhibit A**. A summary description of services rendered for the Fee Period June 1, 2009 through September 30, 2009 is attached hereto as **Exhibit B** and a detailed description of the expenses sought is attached hereto as **Exhibit C**. Such records were made contemporaneously with the rendition of services by each person rendering such services and in the ordinary course of AIT's practice, and are presented in a form which is in compliance with the United States Trustee Guidelines

{05919:210:00484335.DOC : }

3

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under U.S.C. § 330 issued on January 30, 1996.

10. The services rendered by AIT during the Fee Period are grouped by task and by professional. The professionals who rendered these services are identified, along with the number of hours for each task and the compensation sought for each, in the attachments hereto. Details regarding the type and nature of the services are described below at full value:

SERVICES (TOTAL HOURS: 59.0; TOTAL FEES: $10,915.00 )

11. At the request of the Debtors, AIT performed the following tasks related to Court hearings regarding the Debtors' requested use of cash collateral:

(a) Reviewed documents provided by the Debtors regarding Rockwell Utilities;

(b) Reviewed ICC reports and findings related to utilities;

(c) Reviewed reports provided by the Lenders' expert;

(d) Prepared rebuttal reports and analysis of findings;

(e) Prepared exhibits and schedules used in Court hearings regarding the Debtors' use of cash collateral and the value of Rockwell Utilities; and

(f) Provided testimony at deposition and in Court hearings regarding the Debtors' use of cash collateral and the value of Rockwell Utilities.

EXPENSES (TOTAL: $328.36 )

12. AIT requests reimbursement of the actual and necessary costs expended by AIT during the Fee Period in the amount of $217.60. All of the expenses for which reimbursement is sought are expenses that AIT customarily recoups from all of its clients. A listing of the specific expenses incurred during the Fee Period for which reimbursement is requested is included in **Exhibit C**.

13. All expenses incurred by AIT were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner as AIT bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

14. To date, the Debtors have paid AIT $10,041.10 for services rendered and $217.60 for expenses incurred relating to AIT's June Monthly Fee Statement for services rendered from June 1, 2009 through June 30, 2009. This represents 90% of professional fees and 100% reimbursement of expenses requested in AIT's June Monthly Fee Statement in accordance with the Fee Procedures Order. Currently outstanding is $1,091.50 subject to the 10% holdback under the Fee Procedures Order.

## VALUE OF SERVICES

15. The hourly rates charged by AIT are comparable to rates that AIT would charge to non-bankruptcy client work of a similar nature and complexity. AIT's rates are subject to Bankruptcy Court approval and are not otherwise contingent. AIT submits, that based upon the criteria set forth in Section 330(a)(1) of the U.S. Bankruptcy Code, the extent, nature and value of the services rendered, the time spent on such services, the cost of the comparable services other than in a case under the Bankruptcy Code, the result achieved, the quality of services, the costs of comparable services in Chapter 7 and 11 cases in this jurisdiction and AIT's standing and reputation in the community and expertise in providing services of this nature, the request for compensation is fair and reasonable under the circumstances.

16. All of the services and expenses for which compensation and reimbursement are hereby requested were rendered or incurred solely on behalf of the Debtors and at the Debtors'

request and direction, and not on behalf of any other entity. All such services and expenses are compensable pursuant to Section 330 of the U.S. Bankruptcy Code and Bankruptcy Rule 2016.

17. The expert witness and consulting services rendered by the AIT during the Fee Period have been consistent with the Orders of the Court authorizing the employment and retention of AIT, the Bankruptcy Code and the United States Trustee Guidelines, as adopted in this district, and have provided a substantial benefit to the Debtors and their estates.

18. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation are fair and reasonable given (a) the complexity of the case, (b) the time expended by the professionals at AIT, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## NOTICE

19. Pursuant to the Fee Procedures Order, notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel to JPMorgan Chase, N.A., as Agent for the prepetition lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d) each party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002. In light of the nature of the relief requested, the MPS submits that no further notice is required.

WHEREFORE, AIT respectfully requests that it be allowed compensation in the amount of $10,915.00 for professional services rendered and the reimbursement of expenses in the amount of $217.60 for the Fee Period, and it be granted such other and further relief as the Court may deem just and proper, including:

(a) Allowance of $10,915.00 in final compensation for the Fee Period;

(b) Allowance of $217.60 in expense reimbursement for the Fee Period;

(c) Authorization and direction for the Debtors to pay $1,091.50 to AIT, comprising the balance due after credit for payments received by AIT pursuant to its Monthly Fee Statement;

(d) Waiving other and further notice of the hearing with respect to this Final Application; and

(e) Granting final approval of all fees and expenses being sought by AIT as detailed in this Final Application.

Dated: October 14, 2009
Chicago, Illinois

Respectfully submitted,

_____
Bob Khan, P.E., Principal
American Infrastructure Technologies, LLC
425 N. Cass Street, Suite 310
Westmont, IL  60559
Telephone: (312) 325-8000

## VERIFICATION

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

Bob Khan, after being duly sworn according to law, deposes and says:

1. I am a Principal with the firm of American Infrastructure Technologies, LLC, sewer and water utility consultants to The Kirk Corporation and its affiliated debtors (the "Debtors"), appointed in the above-captioned case.

2. I have read the foregoing Final Application of AIT for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

3. In accordance with Section 504 of the United States Bankruptcy Code, no agreement of understanding exists between me, my firm, or any professional thereof, for a division of compensation as consultants to the Debtors.

_____
Bob Khan, P.E., Principal
American Infrastructure Technologies, LLC

SWORN TO AND SUBSCRIBED before me this __15__ day of October, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

OFFICIAL SEAL
SHYHRETE BAJRAKTARI
Notary Public - State of Illinois
My Commission Expires Feb 21, 2012

{05919: 210: 00484335.DOC : }