UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: November 10, 2009 at 10:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **November 10, 2009 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in the courtroom usually occupied by him, Courtroom No. 742, in the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, or before any judge who may be sitting in his place or stead, and shall then and there present the **Final Application of Renzi & Associates as Appraisers to the Debtors for Allowance of Compensation and Reimbursement of Expenses from June 15, 2009 through September 30, 2009**, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear as you see fit.

Dated: October 20, 2009

                                                    THE KIRK CORPORATION AND ITS
                                                    AFFILIATED DEBTORS

                                                    By:  /s/ David L. Kane
                                                         One of Its Attorneys

David L. Kane (ARDC No. 6277758)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900

## CERTIFICATE OF SERVICE

I, David L. Kane, an attorney, certify that on October 20, 2009, I caused copies of the attached **Notice of Motion** and **Final Application of Renzi & Associates as Appraisers to the Debtors for Allowance of Compensation and Reimbursement of Expenses from June 15, 2009 through September 30, 2009** to be served upon (a) the Office of the United States Trustee; (b) counsel to JPMorgan Chase, N.A.; (c) counsel to the Official Committee of Unsecured Creditors; and (d) each party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002 appearing in the Court's CM/ECF system.

                                                      /s/ David L. Kane

{05919: 210: 00484972.DOC : }

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Carol A. Doyle |

**FINAL APPLICATION OF RENZI & ASSOCIATES AS APPRAISERS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATIONAND REIMBURSEMENT OF EXPENSES FROM JUNE 17 2009 THROUGH SEPTEMBER 30, 2009**

Pursuant to section 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals signed on June 23, 2009 (the "Fee Procedures Order"), Renzi & Associates ("Renzi"), as real estate appraisers to The Kirk Corporation and its affiliated debtors (collectively, the "Debtors")[1], appointed in the above-captioned case, hereby submits this final application (the "Final Application") for the allowance of $49,130.00 in compensation for professional services rendered for the period from June 14, 2009 to September 30, 2009, and the reimbursement of $0.00 for actual costs incurred incident to those services. In support of the Final Application, Renzi respectfully represents as follows:

---

[1] The Debtors are the following companies: The Kirk Corporation; Apple Creek Estates, LLC; Beacon Pointe West, LLC; Bloomfield Estates, LLC; Laurel Meadow, L.L.C.; The Lindens Venture, L.L.C.; Rockwell Place, LLC; Stonegate Village, LLC; Wing Pointe North, L.L.C; and Westland, LLC; Bloomfield West, L.L.C. (filed June 8, 2009); and Freeman Road Development, LLC (filed June 8, 2009). Two affiliates of Kirk are currently non-debtors: Rockwell Utilities, LLC; and Suncrest, L.L.C.

{05919: 210: 00484755.DOC : }

1

## BACKGROUND

1. On May 12, 2009 (the "Petition Date"), ten of the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois, commencing the above-captioned Chapter 11 cases. On June 8, 2009, two additional affiliates of the Debtors, Bloomfield West, L.L.C. and Freeman Road Development, LLC, filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases on May 28, 2009.

3. On October 6, 2009, the Court entered an order converting each of the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On June 23, 2009, the Court entered the *Order Granting Motion for Entry of an Order Establishing Professional Fee Application Procedures* [Docket No. 159] (the "Fee Procedures Order"), authorizing the payment of ninety percent (90%) of monthly fees and one hundred percent (100%) of expenses incurred, following circulation of a monthly fee statement to certain notice parties set forth therein (each, a "Monthly Fee Statement").

6. On July 7, 2009, the Court entered the Order Granting Application to Employ and Retain Renzi & Associates as the Debtors' Appraisers Pursuant to 11 U.S.C 327(a) and 329 [Docket No. 176], approving employment of Renzi as real estate appraisers to the Debtors *nunc pro tunc* to June 17, 2009.

{05919: 210: 00484755.DOC : }

2

## MONTHLY FEE STATEMENTS

7.  Pursuant to the Fee Procedures Order establishing procedures for monthly provisional payments of fees and expenses, Renzi has previously requested ninety percent (90%) of its fees and one hundred percent (100%) of its expenses for services and expenses for the period from June 14, 2009 through July 31, 2009, summarized as follows:

| Monthly Fee Statement | Total Fees | Total Expenses | 90% of Fees Requested | Total Requested (90% of Fees and 100% of Expenses) | Amount Paid to Date | Amount of 10% Holdback |
|---|---|---|---|---|---|---|
| June/July '09 | $46,305.00 | $0.00 | $41,674.50 | $41,674.50 | $27,000.00 | $3,000.00 |
| **Total:** | **$46,305.00** | **$0.00** | **$41,674.50** | **$41,674.50** | **$27,000.00** | **$3,000.00** |

8.  Of the $46,305.00 set forth in the June/July Monthly Fee Statement, as shown above, only $27,000.00 was paid to Renzi by the Debtors due to an objection by the Committee over a purported "cap" of $30,000.00 on Renzi's fees for this period of time. Thus, $19,305.00 is still outstanding under the June/July Fee Statement (which amount includes the 10% holdback of $3,000.00 under the Fee Procedures Order). Notwithstanding the foregoing, Renzi voluntarily discounted its June/July Monthly Fee Statement by thirty percent (30%) in an amount equal to $19,845.00, as a concession to the Debtors.

9.  In addition to the fees sought through the June/July Monthly Fee Statement noted above, included in this First Interim Fee Application are amounts due that would have been included in the August and September Monthly Fee Statements in the amount of $2,825.00 in fees and $0.00 in expenses for the period from August 1 through September 30, 2009. These fees and expenses (including the 10% holdback amount) remain unpaid to date.

{05919: 210: 00484755.DOC : }

3

## SUMMARY OF SERVICES

10. In connection with the professional services described below, by this Final Application, Renzi seeks allowance of compensation and expenses in the total amount of $49,130.00.

11. Renzi maintains written records for the time expended by professionals in the rendition of their services to the Debtor. Such records were made contemporaneously with the rendition of services by each person rendering such services and in the ordinary course of Renzi's practice, and are presented in a form which is in compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under U.S.C. § 330 issued on January 30, 1996.

12. The services rendered by Renzi during the Fee Period are grouped by task and by professional. The professionals who rendered these services are identified, along with the number of hours and the compensation sought for each, in **Exhibit A**. A detailed description of services rendered and a copy of the June/July invoice for services through June 31, 2009 is attached hereto as **Exhibit B**. A detailed description of services rendered and a copy of the August/September invoice for services through September 30, 2009 is attached hereto as **Exhibit C**. Details regarding the general type and nature of the services are described below:

APPRAISAL SERVICES (TOTAL HOURS:396.5; TOTAL FEES: $49,130.00 )

13. At the request of the Debtors, Renzi performed the following tasks related to real estate appraisals and Court hearings:

    (a) Reviewed documents provided by the Debtors regarding the Debtors' real property;

    (b) Provided inspection and field work of all of Debtors' real property;

(c) Reviewed appraisals provided by the Lenders' appraiser;

(d) Prepared detailed appraisals of Apple Creek Residential, Apple Creek Commercial, Rockwell Place and Herrington Estates;

(e) Prepared rebuttal reports and analysis of findings;

(f) Prepared exhibits and schedules used in Court hearings regarding the Debtors' Plan of Reorganization; and

(g) Provided testimony at Court hearings regarding the Debtors' Plan of Reorganization.

14. To date, the Debtors have paid Renzi $27,000.00 for services rendered relating to Renzi's June/July Monthly Fee Statement for services rendered from June 14, 2009 through July 31, 2009. This represents 90% of professional fees and 100% reimbursement of expenses requested in Renzi's June/July Monthly Fee Statement in accordance with the Fee Procedures Order. Currently outstanding is $22,130.00, made up of (a) $19,305.00 outstanding under the June/July Fee Statement (which amount includes the 10% holdback of $3,000.00 under the Fee Procedures Order) and (b) $2,825.00 for the August and September invoice.

## VALUE OF SERVICES

15. The hourly rates charged by Renzi are comparable to rates that Renzi would charge to non-bankruptcy client work of a similar nature and complexity. Renzi's rates are subject to Bankruptcy Court approval and are not otherwise contingent. Renzi submits, that based upon the criteria set forth in Section 330(a)(1) of the U.S. Bankruptcy Code, the extent, nature and value of the services rendered, the time spent on such services, the cost of the comparable services other than in a case under the Bankruptcy Code, the result achieved, the quality of services, the costs of comparable services in Chapter 7 and 11 cases in this

jurisdiction and Renzi's standing and reputation in the community and expertise in providing services of this nature, the request for compensation is fair and reasonable under the circumstances.

16. In addition, Renzi voluntarily discounted its June/July Monthly Fee Statement by thirty percent (30%) in an amount equal to $19,845.00, as a concession to the Debtors.

17. All of the services and expenses for which compensation and reimbursement are hereby requested were rendered or incurred solely on behalf of the Debtors and at the Debtors' request and direction, and not on behalf of any other entity. All such services and expenses are compensable pursuant to Section 330 of the U.S. Bankruptcy Code and Bankruptcy Rule 2016.

18. The expert witness and real estate appraisal services rendered by Renzi during the Fee Period have been consistent with the Orders of the Court authorizing the employment and retention of Renzi, the Bankruptcy Code and the United States Trustee Guidelines, as adopted in this district, and have provided a substantial benefit to the Debtors and their estates.

19. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested for compensation are fair and reasonable given (a) the complexity of the case, (b) the time expended by the professionals at Renzi, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## **NOTICE**

20. Pursuant to the Fee Procedures Order, notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) counsel to JPMorgan Chase, N.A., as Agent for the prepetition lenders; (c) counsel to the Official Committee of Unsecured Creditors; and (d) each

6

party that has filed an appearance or requested notice pursuant to Federal Bankruptcy Rule 2002. In light of the nature of the relief requested, the MPS submits that no further notice is required.

WHEREFORE, Renzi respectfully requests that it be allowed compensation in the amount of $49,130.00 for professional services rendered and the reimbursement of expenses in the amount of $0.00 for the Fee Period, and it be granted such other and further relief as the Court may deem just and proper, including:

(a)     Allowance of $49,130.00 in final compensation for the Fee Period;

(b)     Allowance of $0.00 in expense reimbursement for the Fee Period;

(c)     Authorization and direction for the Debtors to pay $22,130.00 to Renzi, comprising the balance due after credit for payments received by Renzi from the Debtors;

(d)     Waiving other and further notice of the hearing with respect to this Final Application; and

(e)     Granting final approval of all fees and expenses being sought by Renzi as detailed in this Final Application.

Dated: October 14, 2009

Respectfully submitted,

*[signature]*

Neil Renzi, Principal
Renzi & Associates
1300 S. Paulina Street, 4th Floor
Chicago, IL  60608
Telephone: (312) 421-4760

{05919:210:00484755.DOC : }

7

## VERIFICATION

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS: |
| COUNTY OF COOK | ) |

Neil Renzi, after being duly sworn according to law, deposes and says:

1. I am a Principal with the firm of Renzi & Associates, as real estate appraisers to The Kirk Corporation and its affiliated debtors (the "Debtors"), appointed in the above-captioned case.

2. I have read the foregoing Final Application of Renzi for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

3. In accordance with Section 504 of the United States Bankruptcy Code, no agreement of understanding exists between me, my firm, or any professional thereof, for a division of compensation as consultants to the Debtors.

_____
Neil Renzi, Principal
Renzi & Associates

SWORN TO AND SUBSCRIBED before me this 14th day of October, 2009.

OFFICIAL SEAL
ANITA PALJETAK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/25/11

_____
NOTARY PUBLIC

My Commission Expires:

{05919: 210: 00484755.DOC : }