IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Kirk Corporation, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors/Debtors-in-Possession. | ) | Judge Carol A. Doyle |

**MOTION OF CRANE, HEYMAN, SIMON, WELCH & CLAR, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Now comes the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"), as counsel for the Official Committee of Unsecured Creditors of The Kirk Corporation, *et al.* ("Committee") and for its Motion for Allowance and Payment of Final Compensation and Reimbursement of Expenses pursuant to Section 330 of the Bankruptcy Code, respectfully states as follows:

1.   On May 12, 2009, nine (9) of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Thereafter, on June 8, 2009, two (2) additional Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.   The Debtors operated their businesses and managed their financial affairs as Debtors-in-Possession.

3.   Kirk is a corporation with its principal place of business at 201 Juniper Circle, Streamwood, Illinois 60107.  The Debtors were engaged in business as developers of residential real estate and builders of homes.

4.   On May 28, 2009, the United States Trustee's Office appointed the Committee, consisting of Lenny Szarek Inc., Blanchard Electrical Contractors, Inc., Coleman Floor Company, Tempco Heating & Air Conditioning Co., CCR Tops Inc., Mackie Consultants and Professional Drywall & Decorating LLC.

5.   On June 17, 2009, this Court entered an Order Granting Motion of Official

1

Committee of Unsecured Creditors to Employ Counsel ("Employment Order"), whereby the Committee was authorized to employ CHSWC as its counsel, as of June 5, 2009.

6. This Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code on October 6, 2009.

7. This cause is a core proceeding pursuant to 28 U.S.C. Section 157(b).

8. Venue is proper pursuant to 28 U.S.C. Section 1409 of the Bankruptcy Code.

9. On June 23, 2009 this Court entered an Order Granting Debtors' Motion for Entry of an Order Establishing Professional Fee Application Procedures, whereby the debtors were authorized to pay ninety percent (90%) of the Committee's counsels' fees and 100% of expenses, unless an objection was filed to the fees submitted.[1] Based upon that order, payment by the Debtor of the requested interim compensation was subject to Court approval and allowance of compensation and reimbursement of expenses on a quarterly basis.

10. On October 6, 2009, CHSWC filed its First Motion for Allowance and Payment of Interim Compensation and Reimbursement of Expenses, seeking interim compensation and reimbursement of expenses in the amounts of $115,722.50 and $1,681.69, respectively, for the period commencing June 5, 2009 through and including September 30, 2009.

11. By this Motion CHSWC seeks allowance and payment of additional compensation and reimbursement of expenses in the amounts of $3,432.50 and $1,178.77, respectively, for the period commencing October 1, 2009 through and including October 6, 2009, and final compensation and reimbursement of expenses in

---

[1] As of the date of the filing of this Motion, CHSWC has received, since the Employment Order, sums totaling $79,348.70 from the Debtor, consisting of $78,583.50 in fees (representing 90% of the fees billed through August 31, 2009) and $765.20 in reimbursement of expenses.

the amounts of $119,155.00 and $2,860.46, respectively, for the period commencing June 5, 2009 through and including October 6, 2009.

## CHSWC BIOGRAPHICAL INFORMATION

12.    CHSWC is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, insolvency and commercial matters. The firm is comprised of six (6) members, all of whom have significant experience and expertise in the law firm's area of concentration. The following is certain biographical information pertaining to the members in the law firm who have rendered significant services in the Debtor's Chapter 11 case.

### DAVID K. WELCH

David K. Welch is a member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Court of Appeals for the Seventh Circuit, and before the United States District Courts for the Northern and Central

Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

**JEFFREY C. DAN**

Jeffrey C. Dan is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar. He has lectured at seminars relating to bankruptcy issues at Chicago Volunteer Legal Services. He has previously served on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association.

13.     The hourly rates charged by CHSWC for legal services rendered in this bankruptcy case are as follows:

| Attorney | Rate |
|---|---|
| Arthur G. Simon ("AGS") | $425.00 |
| David K. Welch ("DKW") | $425.00 |

    Jeffrey C. Dan ("JCD")        $325.00

These hourly rates are the customary and usual rates which CHSWC charges clients on matters of this nature.

    14.    The total time expended by CHSWC attorneys in connection with this Chapter 11 case during the period commencing October 1, 2009 through and including October 6, 2009 is 9.40 hours as follows:

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch ("DKW") | 4.10 | 1,742.50 |
| Jeffrey C. Dan ("JCD") | 5.20 | 1,690.00 |
| Total: | 9.30 | $ 3,432.50 |

## LEGAL SERVICES RENDERED

    15.    The legal services rendered by CHSWC for the period commencing October 1, 2009 through and including October 6, 2009, as more fully described in **Exhibit "A"** have been divided into the following categories:

    A.    **506(C) CLAIMS, ADMINISTRATIVE CLAIMS AND RELATED MATTERS**

    The legal services rendered in this category include matters involving the motions of the Debtors to allow 506(c) claims, including review of the motions and objections thereto and appearances in Court regarding said motions; and drafting of administrative claim motion.

Total Time Expended: 2.40 Hours

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch ("DKW") | 0.40 | 170.00 |
| Jeffrey C. Dan ("JCD") | 2.00 | 650.00 |
| Total: | 2.40 | $820.00 |

Attached to this Motion as **Exhibit "B"** is an itemization of the legal services rendered in this category.

B. **MOTION TO CONVERT**

The legal services rendered in this category include matters involving the Motion to Convert filed by the Bank, including review of the Motion to Convert and objections thereto; appearances in Court re: same, conferences with the Committee, United States Trustee and the Bank's attorneys regarding conversion; and correspondence and discussions with Committee and creditors regarding conversion and treatment of claims following conversion.

Total Time Expended: 6.90 Hours

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch ("DKW") | 3.70 | 1,572.50 |
| Jeffrey C. Dan ("JCD") | 3.20 | 1,040.00 |
| Total: | 6.90 | $2,612.50 |

Attached to this Motion as **Exhibit "C"** is an itemization of the legal services rendered in this category.

16.   The total time expended by CHSWC attorneys in connection with this Chapter 11 case during the period commencing June 5, 2009 through and including October 6, 2009 is 312.20 hours as follows:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon ("AGS") | 8.20 | $ 3,485.00 |
| David K. Welch ("DKW") | 172.60 | 73,355.00 |
| Jeffrey C. Dan ("JCD") | 131.30 | 42,315.00 |
| Total: | 312.20 | $119,155.00 |

**EXPENSES INCURRED**

17.   During the course of the representation of the Committee, CHSWC has incurred necessary expenses for which reimbursement is sought. The total amount of these expenses for the period commencing October 1, 2009 through and including October 6, 2009 is $1,178.77. Attached to this Motion as **Exhibit "D"** is an itemization of the expenses incurred.

18.   The total amount of expenses incurred from June 5, 2009 through and

including October 6, 2009 is $2,860.46.

## CONCLUSION

19. Other than as provided in Section 504(b) of the Bankruptcy Code, CHSWC has not shared, or agreed to share, any compensation received as a result of this case with any person, firm or entity. No promises concerning compensation have been made to CHSWC by any person, firm or entity.

20. CHSWC asserts that the final compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered, based upon the time, nature, extent and value of such legal services. CHSWC further asserts that the cost of legal services rendered for and on behalf of the Committee is comparable to the cost of similar services in matters other than under the Bankruptcy Code. CHSWC has sometimes utilized two or three counsel to review and/or revise pleadings, participate in conference calls and to discuss strategy. CHSWC has attempted to keep such multiple participation to a minimum, but where utilized, given the size and complexity of this case, CHSWC believes that such participation was appropriate and is compensable.

21. CHSWC asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Committee in this Chapter 11 case.

WHEREFORE, for the foregoing reasons, the law firm of Crane, Heyman, Simon, Welch & Clar, counsel for the Committee, prays for the entry of an order pursuant to Section 331 of the Bankruptcy Code, as follows:

A. Allowing additional compensation and reimbursement of expenses to CHSWC in the amounts of $3,432.50 and $1,178.77, respectively for services provided from the period commencing October 1, 2009 through and including October 6, 2009;

7

B.  Allowing final compensation and reimbursement of expenses to CHSWC in the amounts of $119,155.00 and $2,860.46, respectively for services provided from the period commencing June 5, 2009 through and including October 6, 2009;

C.  Authorizing and directing payment by the Trustee to CHSWC of the sum of $122,015.46, less any sums previously paid for that period by the Debtor pursuant to the Order Granting Debtors' Motion to Approve Monthly Interim Compensation Procedures for the Estates' Professionals; and

D.  Granting such other relief as may be just and equitable.

                    Respectfully Submitted,

                    Official Committee of Unsecured Creditors

                    By /s/ Jeffrey C. Dan

                    One of its Attorneys

**Counsel for the Committee**
David K. Welch, Esq. (Illinois Atty. #06183621)
Arthur G. Simon, Esq. (Illinois Atty. #03124481)
Jeffrey C. Dan, Esq. (Illinois Atty. #06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603-4297
Phone: 312-641-6777
Facsimile: 312-641-7114
W:\Jeff\Kirk Homes\Pay CHSWC Final.mot.wpd