UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Carol A. Doyle |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **February 21, 2012 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Carol A. Doyle**, Bankruptcy Judge, in Courtroom 742, United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **Fifth and Final Fee Application of Hearthstone, Inc., Real Estate Advisor for the Chapter 7 Trustee, for Allowance of Compensation**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said application.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
P: (312) 980-3836
F: (312) 252-4908
kbacher@shawgussis.com

## CERTIFICATE OF SERVICE

Kimberly Bacher certifies that she caused to be served a true copy of the above and foregoing notice and attached application upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on January 27, 2012.

/s/ Kimberly Bacher

{4585 APPL A0310199.DOC 2}

## SERVICE LIST

# Mailing Information for Case 09-17236

## Electronic Mail Notice List

- Kimberly A Bacher    kbacher@shawgussis.com
- Terence G Banich    tbanich@shawgussis.com, mcarter@shawgussis.com
- Corey S Berman    cwcsb1@sbcglobal.net
- Kurt Bickes    kbb@bwm-law.com
- Rosanne Ciambrone    rciambrone@duanemorris.com
- Scott R Clar    sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com
- Kathleen Mary Conniff    kmconniff@kelleykelleykelley.com, wfkelley@kelleykelleykelley.com
- Jeffrey D Corso    jcorso@cooneycorso.com
- Jeffrey C Dan    jdan@craneheyman.com, slydon@craneheyman.com;dwelch@craneheyman.com
- Carrie A. Dolan    cdolan@cohonraizes.com
- Kevin C. Driscoll    kevin.driscoll@btlaw.com, jriazi@btlaw.com
- Kara R Eisen    office@dbb-law.com
- William F Fitzpatrick    wfflaw@yahoo.com
- Richard M Fogel    rfogel@shawgussis.com, IL72@ecfcbis.com
- Joshua A Gad-Harf    joshua.gad-harf@kattenlaw.com
- Richard N Golding    rgolding@goldinglaw.net
- Elizabeth E Greene    egreene@cohonraizes.com
- Robert T Hanlon    rob@rhanlonlaw.com
- Derek Johnson    djohnson@rathjewoodward.com, kjohnson@rathjewoodward.com, rpeck@rathjewoodward.com,bwarner@rathjewoodward.com
- Jennifer L Johnson    jjohnson@zcwlaw.com, vblazina@zcwlaw.com
- Nicholas Johnson    nicholasjohnsonlaw@gmail.com

- David L Kane   dkane@mpslaw.com
- Martin C Kelley   jcacioppo@kelleykelleykelley.com
- Kathryn A Klein   iln@riezmanberger.com, riezmanberger@gmail.com
- Forrest B Lammiman   flammiman@mpslaw.com, dkane@mpslaw.com;lbell@mpslaw.com;dnichols@mpslaw.com
- David P Leibowitz   dleibowitz@lakelaw.com, czuniga@lakelaw.com;ECF@lakelaw.com
- John A Lipinsky   jlipinsky@comananderson.com, khaskell@comananderson.com;tmilton@comananderson.com
- Richard S Mittelman   mittelmanr@eiden-odonnell.com
- William T Neary   USTPRegion11.ES.ECF@usdoj.gov
- Matthew A Olins   maolins@duanemorris.com
- Raymond J Ostler   rostler@gsgolaw.com
- James M Philbrick   jmphilbrick@att.net
- Christopher H Purcell   shermlaw13@aol.com
- Peter J Roberts   proberts@shawgussis.com
- Peter J Schmidt   pschmidt@polsinelli.com
- Michael L Sherman   shermlaw1@aol.com
- Arthur G Simon   asimon@craneheyman.com, gbalderas@craneheyman.com;sclar@craneheyman.com
- Jean Soh   jsoh@polsinelli.com
- Alan P. Solow   alan.solow@goldbergkohn.com, docketingchicago@dlapiper.com;william.guthrie@dlapiper.com
- Martin D. Tasch   mtasch@taschlaw.com
- Pia N Thompson   pthompson@ksnlaw.com
- Mark Van Donselaar   mvandonselaar@grayslakelaw.com
- Bradley J Waller   bwaller@ksbwl.com, jwaller929@aol.com
- David K Welch   dwelch@craneheyman.com, gbalderas@craneheyman.com;jdan@craneheyman.com
- Andrew White   awhite@d-hlaw.com

- James A Young     youngbklaw@yahoo.com, youngbklaw@yahoo.com
- David O. Yuen     dyuen@tresslerllp.com, jborcia@tresslerllp.com;tresslerdocket@tresslerllp.com
- Thomas C Zanck    tzanck@zcwlaw.com

{4585 APPL A0310199.DOC 2}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: February 21, 2012 |
| | ) | Hearing Time: 10:00 A.M. |

**FIFTH AND FINAL FEE APPLICATION OF HEARTHSTONE, INC.,
REAL ESTATE ADVISOR FOR THE CHAPTER 7 TRUSTEE,
FOR ALLOWANCE OF COMPENSATION**

Hearthstone, Inc. ("Hearthstone"), real estate advisor for Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates of The Kirk Corporation ("Kirk") and its related debtor entities (collectively with Kirk, the "Debtors"),[1] pursuant to Sections 330(a) and 331 of Title 11, United States Code (the "Bankruptcy Code"), presents the Fifth and Final Fee Application of Hearthstone, Inc., Real Estate Advisor for the Chapter 7 Trustee, for Allowance of Compensation (the "Application"), and in support thereof, respectfully states as follows:

**INTRODUCTION**

1. On May 12, 2009 (the "Petition Date"), Kirk and nine of the other Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code; the remaining two Debtors filed their chapter 11 petitions on June 8, 2009. On October 7, 2009 ("Conversion Date"), the Cases were converted to cases under chapter 7 of the Bankruptcy Code. Shortly

---

[1] The Debtors consist of The Kirk Corporation, Apple Creek Estates, LLC, Beacon Pointe West, LLC, Bloomfield Estates, LLC, Laurel Meadow, LLC, The Lindens Venture, LLC,

thereafter, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' estates ("Estates").

2. Prior to the Conversion Date, Kirk was a production homebuilder with its principal office located in Streamwood, Illinois. The other Debtors are limited liability companies that were formed and controlled by Kirk in connection with its homebuilding business.

3. Although the Debtors were successful in selling several properties during the chapter 11 phase of their cases, several properties remained in the Estates on the Conversion Date. These properties include (i) lots and uncompleted homes in three residential developments located in Bolingbrook (Herrington), Lakemoor (Rockwell Place), and Woodstock (Apple Creek), (ii) commercial property in Woodstock (Apple Creek), (iii) an unentitled parcel zoned for residential use in Elburn (Westland), and (iv) the Debtors' office building in Streamwood. In addition, one of the Estates owns the membership interest in Rockwell Utilities LLC, a private utility servicing certain residences in Lakemoor.

4. On February 25, 2010, the Trustee filed his Application to Employ Hearthstone as his real estate advisor (the "Retention Application") seeking to employ Hearthstone to assist the Trustee in selling the Estates' real estate assets. On March 4, 2010, this Court entered an order granting the Retention Application (the "Retention Order").

5. JPMorgan Chase Bank, N.A., as agent for the Debtors' prepetition lenders (the "Lenders") and as one of the Lenders ("JPMorgan") asserts that, as of the Petition Date, the Debtors were indebted to the Lenders in the amount of at least $52,424,176.62, plus fees, costs, expenses and interest ("Lenders' Claim"). JPMorgan has further asserted that the Lenders'

---

Rockwell Place, LLC, Wing Pointe North, LLC, Westland, LLC, Bloomfield West, LLC, and

Claim is secured by properly perfected first priority liens and security interests in nearly all of the Debtors' assets.

6. The Trustee and JPMorgan reached a consensual resolution and agreed on a mechanism for liquidating the Estates' remaining assets, which are substantially encumbered by liens and security interests in favor of JPMorgan and the Lenders.

7. On March 23, 2010, this Court entered an Order Approving Trustee's Compromise with JPMorgan (the "JPMorgan Order") which, *inter alia*, approved a settlement agreement between the Trustee and JPMorgan (the "Settlement Agreement"). The Settlement Agreement was included in the Supplement to Trustee's Motion to Approve Compromise filed with the Court on March 23, 2010.

8. Pursuant to the Settlement Agreement, the Lenders agreed to be responsible for the fees and expenses of the Trustee's professionals to the extent of actions taken with respect to the Lenders' collateral. The Lenders also agreed to authorize the Trustee to retain certain funds for the benefit of the Estates to be used in accordance with a budget agreed to as part of the Settlement Agreement (the "Budget"). Certain fees and expenses of the Trustee's professionals are included in the Budget.

9. The compensation awarded to Hearthstone pursuant to this Application will be paid to Hearthstone with the Lenders' cash collateral in accordance with the Budget.

**REQUEST FOR COMPENSATION AND PREVIOSULY ALLOWED COMPENSATION**

10. Hearthstone has served as a real estate advisor to the Trustee and has provided the Trustee with professional advice regarding the disposition of the Estates' remaining real estate assets.

---

Freeman Road Development, LLC.

{4585 APPL A0310199.DOC 2}

11. From August 1, 2011 through December 31, 2011 (the "Application Period"), Hearthstone provided extensive real estate services in connection with its retention by the Trustee. Kirk owns Apple Creek Estates ("ACE") which consists of 900 vacant lots and twelve model homes (the "Homes"). During this Application Period, Hearthstone provided site maintenance and over site to ensure the safety and stability of the property. Hearthstone also maintained the property to assure compliance with local and state mandates. Hearthstone assisted the Trustee with the marketing and sale of the property, along with providing all necessary diligence material, analysis, and documentation to procure such sale.

12. During this Application Period, Hearthstone has also continued to actively maintain the Lakemoor (Rockwell Place) property ("Rockwell") as well as support the Trustee with all necessary diligence material, analysis and documentation to close the sale on the property.

13. The real estate services provided by Hearthstone to the Trustee (the "Services") during the Application Period have involved a total of 57.7 hours on the part of Hearthstone, all as more fully set forth in Exhibit A. Based upon the customary and reasonable rates charged by Hearthstone, the fair and reasonable value of the Services is $17,310.00 (the "Compensation Request").

14. The hourly rates charged by the professional of Hearthstone who worked on the case and whose time is part of the Services are as follows:

| Professional | Hours | Rate | Amount |
|---|---|---|---|
| Cindy Gilmore | 57.7 | $300.00 | $17,310.00 |

15. Hearthstone did not incur any expenses during this Compensation Request.

{4585 APPL A0310199.DOC 2}

16. Previously, Hearthstone has been awarded the following fees and expenses on an interim basis: (i) pursuant to the First Interim Application, this Court awarded fees of $58,053.00 and expenses of $3,834.11 [Docket No. 748]; (ii) pursuant to the Second Interim Application, this Court awarded fees of $38,850.00 [Docket No. 820]; (iii) pursuant to the Third Interim Application, this Court awarded fees of $16,942.50 [Docket No. 892]; and (iv) pursuant to the Fourth Interim Application, this Court awarded fees of $37,935.00 [Docket No. 937] (collectively, the "Previously Allowed Fees and Expenses"). Hearthstone requests that this Court approves on a final basis all Previously Allowed Fees and Expenses.

## NOTICE

17. Notice of this Application has been served upon the Debtors, the United States Trustee, and the parties on the attached service list via the Court's electronic service list. Based on the extent of the notice already provided, the amount of the relief requested, the fact that any fees awarded will be paid with the Lenders' cash collateral and the costs and burdens of transmitting notice to all of the Debtors' creditors, Hearthstone respectfully requests that the Court limit notice to that given and that additional notice of the hearing on this Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2002(a)(6) and 9007.

{4585 APPL A0310199.DOC 2}

**WHEREFORE,** Hearthstone seeks the entry of an Order:

A.  Granting allowance of the Compensation Request in the amount of $17,310.00;

B.  Waiving other and further notice of this hearing with respect to this Application;

C.  Approving on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis; and

D.  Granting such other and further relief as to the Court shall seem just and proper.

Dated:    January 27, 2012

Respectfully submitted,

**HEARTHSTONE, INC.**

/s/ Cindy Gilmore
Real Estate Advisor for the Trustee
Cindy Gilmore
HEARTHSTONE, INC.
9 Crystal Lake Road
Suite 60156
Lake in the Hills, Illinois 60156
(847) 658-3170

{4585 APPL A0310199.DOC}