UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | Chapter 7 |
|---|---|---|
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

Name of Applicant: Shaw Gussis Fishman Glantz Wolfson & Towbin LLC.

Authorized to Provide Professional Services to: Richard M. Fogel, Trustee

Date of Order Authorizing Employment: October 27, 2009

Period for Which Compensation is sought: January 1, 2012 to February 29, 2012

Amount of Fees sought: $2,287.00

Amount of Expense Reimbursement sought: $0.00

This is an:    Interim Application ____    Final Application  X

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Amount Disallowed |
|---|---|---|---|---|
| 11/09/10 | 10/09/09-09/30/10 | $167,052.94 | $166,910.94 | $142.00 |
| 04/08/11 | 10/01/10-02/28/11 | $27,382.10 | $27,371.24 | $10.86 |
| 08/23/11 | 03/01/11-07/31/11 | $27,208.71 | $27,208.71 | $0.00 |
| 01/27/12 | 08/01/11-12/31/11 | $38,895.29 | $38,880.44 | $14.85 |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $260,371.33_____.

Dated: May 17, 2012            By:   /s/ Richard M. Fogel
                                      Shaw Gussis Fishman Glantz
                                      Wolfson & Towbin LLC

{7269 APPL A0318581.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| THE KIRK CORPORATION, *et al.*, | ) | Case No. 09-17236 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**FIFTH AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC, AS COUNSEL FOR THE CHAPTER 7 TRUSTEE,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis"), counsel for Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates of The Kirk Corporation ("Kirk") and its related debtor entities (collectively with Kirk, the "Debtors"),[1] pursuant to Sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), FED. R. BANKR. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, applies to the Court for the allowance of $2,287.00 in final compensation for 6.40 hours of professional services rendered by Shaw Gussis as counsel to the Trustee (the "Final Compensation Request") for the period beginning January 1, 2012 through and including February 29, 2012 (the "Application Period"). In support of this application (the "Application"), Shaw Gussis respectfully states as follows:

## INTRODUCTION

1. On May 12, 2009 (the "Petition Date"), Kirk and nine of the other Debtors filed voluntary petitions (the "Cases") for relief under chapter 11 of the Bankruptcy Code; the remaining two Debtors filed their chapter 11 petitions on June 8, 2009.

---

[1] The Debtors consist of The Kirk Corporation, Apple Creek Estates, LLC, Beacon Pointe West, LLC, Bloomfield Estates, LLC, Laurel Meadow, LLC, The Lindens Venture, LLC, Rockwell Place, LLC, Wing Pointe North, LLC, Westland, LLC, Bloomfield West, LLC, and Freeman Road Development, LLC.

{7269 APPL A0318581.DOC}244910

2. On October 7, 2009 ("Conversion Date"), the Cases were converted to cases under chapter 7 of the Bankruptcy Code. Shortly thereafter, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' estates ("Estates").

3. Prior to the Conversion Date, Kirk was a production homebuilder with its principal office located in Streamwood, Illinois. The other Debtors were limited liability companies that were formed and controlled by Kirk in connection with its homebuilding business.

4. Although the Debtors were successful in selling several properties during the chapter 11 phase of their cases, several properties remained in the Estates on the Conversion Date. These properties included (i) lots and uncompleted homes in three residential developments located in Bolingbrook (Herrington), Lakemoor (Rockwell Place), and Woodstock (Apple Creek), (ii) commercial property in Woodstock (Apple Creek), (iii) an unentitled parcel zoned for residential use in Elburn (Westland), and (iv) the Debtors' office building in Streamwood. In addition, one of the Estates owned the membership interest in Rockwell Utilities LLC, a private utility servicing certain residences in Lakemoor.

5. On the Conversion Date, the Estates were administratively insolvent.

6. On October 19, 2009, the Trustee filed his Application to Employ Shaw Gussis as his counsel in connection with the Cases (the "Retention Application"). On October 27, 2009, this Court entered an order granting the Retention Application (the "Retention Order").

7. JPMorgan Chase Bank, N.A., as agent for the Debtors' prepetition lenders (the "Lenders") and as one of the Lenders ("JPMorgan" and together with the Lenders, the "Senior Lenders") asserts that, as of the Petition Date, the Debtors were indebted to the Lenders in the amount of at least $52,424,176.62, plus fees, costs, expenses and interest ("Lenders' Claim").

JPMorgan further asserted that the Lenders' Claim was secured by properly perfected first priority liens and security interests in nearly all of the Debtors' assets. The Trustee contested the perfection of the liens and security interests in and to certain assets.

8. The Trustee and JPMorgan reached a consensual resolution and agreed on a mechanism for liquidating the Estates' remaining assets, which were substantially encumbered by liens and security interests in favor of JPMorgan and the Lenders, and for a carve out of certain funds for chapter 7 administrative expenses and for the chapter 11 administrative claimants.

9. On March 23, 2010, this Court entered an Order Approving Trustee's Compromise with JPMorgan (the "JPMorgan Order") which, *inter alia*, approved a settlement agreement between the Trustee and JPMorgan (the "Settlement Agreement"). The Settlement Agreement was included in the Supplement to Trustee's Motion to Approve Compromise filed with the Court on March 23, 2010.

10. Pursuant to the Settlement Agreement, the Senior Lenders agreed to be responsible for certain fees and expenses of the Trustee's professionals to the extent of actions taken with respect to the Senior Lenders' collateral in accordance with budgets agreed to as part of the Settlement Agreement (the "Budgets").

11. With the advice and assistance of Shaw Gussis, the Trustee liquidated all of the Senior Lenders' collateral.

12. On November 30, 2010, this Court entered an order awarding interim compensation to Shaw Gussis in the amount of $163,546.50 and reimbursement of expenses in the amount of $3,364.44 for the period of October 9, 2009 to September 30, 2010. On May 3, 2011, this Court entered an order awarding interim compensation to Shaw Gussis in the amount

of $24,999.50 and reimbursement of expenses in the amount of $2,360.88 for the period of October 1, 2010 to February 28, 2011. On September 13, 2011, this Court entered an order awarding interim compensation to Shaw Gussis in the amount of $26,934.00 and reimbursement of expenses in the amount of $274.71 for the period of March 1, 2011 to July 31, 2011. On February 21, 2012, this Court entered an order awarding interim compensation to Shaw Gussis in the amount of $38,520.00 and reimbursement of expenses in the amount of $360.44 for the period of August 1, 2011 to December 31, 2011. The majority of the interim awards of compensation and reimbursement of expenses were paid by the Senior Lenders pursuant to the Budgets. The balance of the interim awards was paid by the Estates.

13. The remaining fees sought in this Final Application, if approved, will be paid to Shaw Gussis out of the funds received by the Estates pursuant to the Settlement Agreement.

## JURISDICTION

14. This Court has jurisdiction over the Cases pursuant to Sections 157(b)(2)(A) and (O) and 1334 of title 28, United States Code. This is a core proceeding pursuant to Section 157(b)(2)(A) of title 28, United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28, United States Code.

## SERVICES RENDERED BY SHAW GUSSIS

15. Throughout the Application Period, Shaw Gussis rendered 6.40 hours of legal services in connection with its representation of the Trustee having an aggregate value of $2,287.00, for an average hourly rate of approximately $360. Shaw Gussis provided professional services to the Trustee which are consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested were services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

16. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis' services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Gussis has classified its services into separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 0.40 | $186.00 |
| Employment/Compensation | 6.00 | $2,101.00 |
| **Total** | 6.40 | $2,287.00 |

17. A detailed invoice (the "Invoice") for the services is attached as Exhibit A to this Application. The following is a separate description of each of the Shaw Gussis categories, which generally describe the tasks performed. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

## Case Administration

18. Shaw Gussis expended 0.40 hours of professional services having a value of $186.00 in connection with services relating to the Trustee's termination of the Debtors' Employee Stock Option Plan.

## Employment/Compensation

19. Shaw Gussis expended 6.00 hours of professional services having a value of $2,101.00 in connection with services pertaining to the compensation of the Trustee's professionals. Shaw Gussis' services in this category included, among other things: (a) reviewing all invoices and fee requests by professionals retained in the Cases; and (b) drafting, revising, filing and serving interim fee applications.

## Summary of Services Rendered By Professional

20. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Peter J. Roberts | Member | $465.00 | 0.40 | $186.00 |
| Richard M. Fogel | Of Counsel | $440.00 | 1.10 | $484.00 |
| Kimberly Bacher | Associate | $330.00 | 4.90 | $1,617.00 |

21. The hourly rates charged by Shaw Gussis compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis professionals providing services to the Trustee in connection with the Cases. Further, the amount of time spent by Shaw Gussis with respect to the Cases is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the Estates.

22. The results of Shaw Gussis' efforts in this regard have inured to the benefit the Estates and to the interests of its creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## COMPLIANCE WITH 11 U.S.C. § 504

23.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Gussis.

## NOTICE

24.     Notice of this Application has been served upon the Debtors, the United States Trustee, and all creditors and parties in interest by the Clerk of the U.S. Bankruptcy Court.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto, that:

(a)     Allows Shaw Gussis $2,287.00 as and for final compensation for the Application Period; and

(b)     Provides Shaw Gussis with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC

Dated: May 17, 2012

By: /s/ Richard M. Fogel

Richard M. Fogel (#3127114)
Kimberly Bacher (#6285677)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

{7269 APPL A0318581.DOC}                7

## SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Invoice 6395
May 8, 2012

Richard Fogel, Trustee for The Kirk Corporation, et al.
c/o Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark Street, #800
Chicago, IL  60610

ID: 7269-000 - RF

Re:  Represent Chapter 7 Trustee (RMF2 7269 FOGEL, R/TRUSTEE/KIRK CORPORAT)

For Services Rendered Through  4/30/2012

**Please include Invoice Number with Payment**

| | | |
|---|---|---|
| Current Fees | 2,287.00 | |
| **Total Current Charges** | | **2,287.00** |

| | |
|---|---|
| Advanced Deposit Balance | 0.15 |



# SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Richard Fogel, Trustee for The Kirk Corporation, et al.  May 8, 2012
I.D. 7269-000 - RF  Invoice 6395
Re: Represent Chapter 7 Trustee (RMF2 7269 FOGEL, R/TRUSTEE/KIRK CORPORAT)

## Fees

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **Case Administration** | | | | | |
| 02/21/12 | PJR | Review e-mail from A. Andersen on ESOP termination and exchange e-mails with Trustee on same. | 0.20 | 465.00 | 93.00 |
| 02/22/12 | PJR | Exchange e-mails with Trustee and A. Andersen regarding ESOP termination. | 0.20 | 465.00 | 93.00 |
| | | **Case Administration Totals** | **0.40** | | **186.00** |
| **Employment/Compensation of Professionals** | | | | | |
| 01/20/12 | KAB | Prepare fifth and final fee application for Hearthstone and review, edit and revise same (1.2); Prepare proposed order, cover sheet and notice regarding same (.4); Prepare draft second interim fee application for accountant and review, edit and revise same (.8) | 2.40 | 330.00 | 792.00 |
| 01/23/12 | KAB | Prepare draft of interim fee application for Shaw Gussis (1.0); Prepare cover sheet, proposed order and notice regarding same (.3) | 1.30 | 330.00 | 429.00 |
| 01/23/12 | KAB | Work on fee app for accountant and emails with L. West regarding same | 0.20 | 330.00 | 66.00 |
| 01/25/12 | RF | Prepare Trustee's first application for interim compensation | 1.10 | 440.00 | 484.00 |
| 01/27/12 | KAB | Finalize and edit fee application for Shaw Gussis, including notice, order and certificate of service and coordinate filing of same (.4); Finalize and edit fee application for Hearthstone including notice, order and certificate of service and coordinate filing of same (.3); Finalize and edit fee application for accountant to trustee, including notice, order and certificate of service and coordinate filing of same (.3) | 1.00 | 330.00 | 330.00 |
| | | **Employment/Compensation of** | **6.00** | | **2,101.00** |
| | | **Total Fees** | **6.40** | | **2,287.00** |
| | | **Total Fees and Disbursements** | | | **2,287.00** |
| | | **Total Current Charges** | | | **2,287.00** |

Page: 1

# SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | | | |
|---|---|---|---|
| Richard Fogel, Trustee for The Kirk Corporation, et al. | | | May 8, 2012 |
| I.D. 7269-000 - RF | | | Invoice 6395 |
| Re: Represent Chapter 7 Trustee (RMF2 7269 FOGEL, R/TRUSTEE/KIRK CORPORAT) | | | |

### Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Peter J. Roberts | Member | 0.40 | 465.00 | 186.00 |
| Kimberly A. Bacher | Associate | 4.90 | 330.00 | 1,617.00 |
| Richard M. Fogel | Of-Counsel | 1.10 | 440.00 | 484.00 |
| | **Totals** | **6.40** | | **2,287.00** |

## SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | |
|---|---|
| Richard Fogel, Trustee for The Kirk Corporation, et al. | May 8, 2012 |
| I.D. 7269-000 - RF | Invoice 6395 |
| Re: Represent Chapter 7 Trustee (RMF2 7269 FOGEL, R/TRUSTEE/KIRK CORPORAT) | |

### Fee Recap by Task Code Description

| Task Code | Hours | Amount |
|---|---|---|
| Case Administration | 0.40 | 186.00 |
| Employment/Compensation of Professionals | 6.00 | 2,101.00 |
| **Total Fees** | **6.40** | **2,287.00** |